IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK R. A. REED,

      Plaintiff,                    No. CIV S-05-2209 LKK KJM P

      vs.

JEANNE WOODFORD, et al.,

      Defendants.          <u>ORDER</u>

                            /

         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

         Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $6.39 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The court finds the allegations in plaintiff's complaint so vague and conclusory that the complaint fails to state a claim upon which relief can be granted.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent plaintiff is attempting to plead a First Amendment cause of action based on grooming policies, he is informed that prisoners do not lose all rights to free exercise of religion upon incarceration.  Cruz v. Beto, 405 U.S. 319, (1972).  However, these rights are "necessarily limited by the fact of incarceration and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987).  Therefore, "[i]n order to establish a free exercise violation [plaintiff] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification

/////

/////

1 reasonably related to legitimate penological interests ." Freeman v. Arpaio, 125 F.3d 732, 736

2 (9th Cir.1997) (citing Turner v. Safley, 482 U.S. 78, 89). Plaintiff's current allegations are too

3 conclusory for the court to determine whether he states a claim.

4       In addition, plaintiff is informed that the court cannot refer to a prior pleading in

5 order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an

6 amended complaint be complete in itself without reference to any prior pleading. This is

7 because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.

8 Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

9 pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

10 original complaint, each claim and the involvement of each defendant must be sufficiently

11 alleged.

12       In accordance with the above, IT IS HEREBY ORDERED that:

13       1. Plaintiff's request for leave to proceed in forma pauperis is granted.

14       2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.

15 Plaintiff is assessed an initial partial filing fee of $6.39. All fees shall be collected and paid in

16 accordance with this court's order to the Director of the California Department of Corrections

17 and Rehabilitation filed concurrently herewith.

18       3. Plaintiff's complaint is dismissed.

19       4. Plaintiff is granted thirty days from the date of service of this order to file an

20 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

21 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

22 docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file

23 an original and two copies of the amended complaint; failure to file an amended complaint in

24 accordance with this order will result in a recommendation that this action be dismissed.

25 DATED: November 28, 2006.

26 1/reed2209.14(1.09.06)

                                   U.S. MAGISTRATE JUDGE

4